

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-1317-15

### THE STATE OF TEXAS

### v.

### MARY ZUNIGA, Appellee

### ON APPELLEE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE THIRTEENTH COURT OF APPEALS
### NUECES COUNTY

KELLER, P.J., filed a dissenting opinion in which KEASLER and HERVEY, JJ. joined.

The Court says that appellee raised both a "defect of form" claim and a "defect of substance" claim. While that may be true in some sense, it does not appear to me that she separated out the claims in the manner that this Court does. For this reason, I do not fault the court of appeals for failing to separate out the claims in its opinion. I believe that the court of appeals adequately addressed appellee's claim, so I would affirm that court's judgment.

While it is true that some parts of the court of appeals's opinion discuss whether the specific

identity of the destroyed evidence was an element of the offense, other parts seem to focus on notice.

Also, appellee does not seem to have argued the two-step analysis that this Court employs. The court

of appeals was aware that appellee's claim included a notice claim. The court framed the issue as

follows:

> We are asked to determine whether an "unknown substance" can be a "thing" under section 37.09 of the penal code such that an indictment alleging the same complies with the constitutional notice requirements and the Texas Code of Criminal Procedure.[1]

Because the court acknowledged both aspects of appellee's claim, I believe its holding was intended

to, and did, also encompass both claims. Finally, appellee does not complain in her petition to this

Court that the court of appeals erred in failing to employ the two-step analysis. She argues instead

that the indictment failed to provide information adequate to allow her to prepare a defense. I

believe that the court of appeals's opinion sufficiently addressed the claim before it.

I respectfully dissent.

Filed: March 8, 2017

Publish

---

[1] *State v. Zuniga*, No. 13-14-00316-CR, 2015 Tex. App. LEXIS 7294, *5 (Tex. App.—Corpus Christi-Edinburg July 16, 2015) (not designated for publication).